UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JOSHUA LEE HOSKINS,            )
                               )
            Plaintiff,         )
                               )
    v.                         )   Case No. 15-1248
                               )
SUSAN PRENTICE, et al.,        )
                               )
            Defendants.        )

# ORDER AND OPINION

This matter is now before the Court on Defendants' Motion [49] for Summary Judgment. For the reasons set forth below, Defendants', Richard Allan, Duane Beal, James Berry, Paul Blackwell, Corey Eutsey, Glendal French, Scott Holte, William Lee, Rodney Leroy, Jacob Liles, Randy Lovrant, Patrick McGinnis, Brian Posey, Susan Prentice, Todd Punke, Donald Raineri, Clint Ramsey, Brian Schmeltz, Zack Smith, Travis Sullivan, Paul Thorson, and Ed Vilt's (collectively "Defendants") Motion [49] for Summary Judgment is GRANTED.

## BACKGROUND

Plaintiff Joshua Lee Hoskins was incarcerated at Pontiac Correctional Center until May 21, 2015. Memo. in Support of Mot. for S.J., Doc. 50, at 5-6. Plaintiff was then transferred from Pontiac Correctional Center to Menard Correctional Center on May 21, 2015. *Id*. On June 16, 2015, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983, followed by an amended complaint on January 19, 2016. Amend. Compl., Doc. 26. In his amended Complaint, Plaintiff alleges that he was placed in unsanitary cells and denied hygiene items at the Pontiac Correctional Center from March 20, 2015, through May 19, 2015. *Id*. Additionally, Plaintiff claims he informed Defendants about his cell conditions at Pontiac Correctional Center, but that

1

each Defendant "ignored his complaints as retaliation for writing grievances." *Id*. at 2. Furthermore, Plaintiff argues that because Defendants ignored his complaints, he could not exhaust his administrative remedies for his grievances over his poor cell conditions. *Id*.

Defendants move under Rule 56(a) of the Federal Rules of Civil Procedure for summary judgment in their favor on the issue of exhaustion. *Id*. at 5-6. Specifically, Defendants argue that Plaintiff failed to exhaust his administrative remedies. *Id*. at 5-6. Furthermore, Defendants argue that Plaintiff had the opportunity to file grievances and exhaust his administrative remedies, but that Plaintiff did not attach any grievances or related documents to his amended complaint. Defendants state that Plaintiff never filed any "grievances with his counselor or grievance officer that addressed cell conditions or retaliation in connection with Defendants" when he met with his counselors at the Pontiac Correctional Center. *Id*. at 4; Exhibit 2, Doc. 44-2. Plaintiff did not sign a grievance addressing the issues in question until he left the Pontiac Correctional Center and was housed at the Menard Correctional Center. *Id*. at 5; Exhibit 2, Doc. 44-2.

Moreover, Defendants argue that Plaintiff had until July 22, 2015 to file his grievances in accordance with the IDOC Grievance Procedures for Offenders in order to exhaust his administrative remedies, but instead, "ignored the required procedures and prematurely initiated this action on June 16, 2015.". *Id*. at 8. Plaintiff had almost 60 days after his transfer, from May 21, 2015 to July 22, 2015, during which he could timely submit grievances directly to the Administrative Review Board ("ARB"). *Id*. Defendants further argue that Plaintiff was not barred from using the grievance system or appealing to the ARB during his first 60 days at Menard because Plaintiff began using Menard's grievance system within the first few months of his transfer. *Id*; Exhibit 3-A, Doc. 44-2. Finally, Defendants contend that Plaintiff sent his grievance directly to the ARB on August 8, 2015, outside the 60-day deadline of July 22, 2015.

2

*Id.*; Exhibit 4, Doc. 44-2. Plaintiff argues, however, that he could not exhaust his administrative remedies because Defendants allegedly threatened that his outgoing mail would be directed to the Pontiac Correctional Center's staff to be searched and destroyed if a written complaint of Plaintiff's cell conditions was found. Response to Mot. for S.J., Doc. 57, at 1.

## LEGAL STANDARD

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, the party moving for summary judgment must identify each, or part of each, claim or defense on which summary judgment is sought. Fed. R. Civ. P. 56(a). Summary judgment is appropriate when "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Id*. In making this determination, the court must construe the evidence in light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *Singer v. Raemisch*, 593 F.3d 529, 533 (7th Cir. 2010).

The Prisoner Litigation Reform Act ("PLRA") requires inmates who file lawsuits pursuant to 42 U.S.C. § 1983 to first exhaust all available administrative remedies prior to filing suit. 42 U.S.C. § 1997e(c). To do so, an inmate must first attempt to resolve complaints through his counselor. 20 Ill. Admin. Code 504.810(a). If an inmate is unable to resolve the complaint with his counselor, he may file a written grievance within 60 days after the discovery of the problem that gave rise to the grievance. *Id*. The grievance forms must be addressed to the Grievance Officer and contain as many factual details as possible, including what happened, when, where, and the name of each person who is the subject of or otherwise involved in the complaint. 20 Ill. Admin. Code 504.810(b). Failure to exhaust administrative remedies is an affirmative defense. *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002). If a prisoner fails to follow all of the necessary grievance procedures, the claim will not be exhausted, and will be

3

barred, even if there are no remaining administrative remedies available. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

## ANALYSIS

The instant Motion requires the Court to make two determinations. First, the Court must determine whether or not Plaintiff exhausted his administrative remedies. *Id*. If Plaintiff did not exhaust his administrative remedies, the Court must then determine if Plaintiff had good cause for not doing so. *Pyles v. Nwaobasi*, 829 F.3d 860, 865 (7th Cir. 2016). Defendants contend that Plaintiff did not exhaust his administrative remedies because, although Plaintiff alleged a number of acts by Defendants generally, he failed to identify the acts specific to each Defendant in his amended Complaint. Doc. 49, at 7.

The PLRA requires grievance forms to be addressed to the Grievance Officer and contain as many factual details as possible, including what happened, when, where, and the name of each person who is the subject of or otherwise involved in the complaint. 20 Ill. Admin. Code 504.810 (b); *Roberts v. Neal*, 745 F.3d 232, 234-36 (7th Cir. 2014). Plaintiff's IGRV log shows that he filed a total of 36 grievances from September 23, 2014 through August 22, 2015. Exhibit 3-A, Doc. 44-2. Twelve of those grievances were filed from March 19, 2015 through July 22, 2015. *Id*. Of those twelve grievances, eleven were formal, written grievances, and one was an informal, oral grievance. *Id*. Therefore, Plaintiff was not deprived of submitting grievances at the Pontiac or Menard Correctional Centers and was familiar with grievance procedures. Importantly, Plaintiff did not reference any of the counselors at the Pontiac or Menard Correctional Centers in any of his grievances from March 19, 2015 through July 22, 2015. *Id*. More specifically, between March 19, 2015 and July 22, 2015, Plaintiff's IGRV log shows that on April 1, 2015, Plaintiff orally grieved that he was not receiving grievance forms at the Pontiac Correctional Center; on

June 2, 2015, Plaintiff filed a written grievance claiming that his cell at Pontiac was "filthy"; and on that same day, Plaintiff filed a second written grievance stating that his cell at Pontiac was "unsanitary." Exhibit 3-A, Doc. 44-2. The nine other grievances cover medical needs and staff conduct unrelated to his cell conditions or his allegedly threatened grievances. *Id*. Plaintiff did not appeal those grievances. *Id*.

Plaintiff's cumulative counseling summary further shows that from March 20, 2015 and May 14, 2015 Plaintiff met with four different counselors at the Pontiac Correctional Center by the names of Jones, Sigler, Bayler, and Simmons, none of whom are parties to Plaintiff's Complaint. Amend. Compl., Doc. 26; Exhibit 2, Doc. 44-2. Additionally, Plaintiff's cumulative counseling summary shows that from May 22, 2015 to July 14, 2015, Plaintiff met with six different counselors at the Menard Correctional Center by the names of Hill, Dwight, Middendorf, Wingerter, Prange, and Mathis. *Id*. At no time during his interactions with the counselors at the Pontiac Correctional Center or the Menard Correctional Center did Plaintiff mention his cell conditions at Pontiac or that Defendants threatened to intercept and destroy his grievances. *Id*. Furthermore, Plaintiff does not make any references to any of the Menard staff members in his amended Complaint. Doc. 26.

Plaintiff must grieve the acts of each defendant in order to complete the grievance procedure. 20 Adm. Code 504.810(b); *Roberts*, 745 F.3d at 234-236. In his amended Complaint, Plaintiff generalizes the acts of Defendants, and fails to identify any acts specific to any Defendant. *Id*. Moreover, in his response, Plaintiff fails to identify any of the four counselors he communicated with at the Pontiac Correctional Center, and only identifies two of the six counselors that he communicated with at the Menard Correctional Center by the names of Hill and Mathis. Response to Mot. for S.J., Doc. 57, at 3; Exhibit 2, Doc. 44-2. Neither Hill nor

5

Mathis are listed as defendants in this matter, nor did Plaintiff refer to them in his amended Complaint. Doc. 26. Plaintiff additionally did not complain about Hill or Mathis or his allegedly denied grievances to any of the other four counselors he met with at the Menard Correctional Center, as evidenced by his cumulative counseling summary and IGRV log. Memo. in Support of Mot. for S.J., Doc. 50, at 1; Exhibit 2, Doc. 44-2. Therefore, Plaintiff failed to exhaust his administrative remedies that were made available to him because he did not identify each Defendant involved in the Complaint.

      Defendants further argue that Plaintiff did not timely file his grievances or attempt to resolve his complaints with his counselors. The PLRA states that an inmate must first attempt to resolve complaints through his counselor. 20 Ill. Admin. Code 504.810 (a). If an inmate is unable to resolve the complaint with his counselor, he may file a written grievance within 60 days after the discovery of the problem that gave rise to the grievance. *Id*. Plaintiff's IGRV log and counseling summary, mentioned above, show that Plaintiff had filed a number of grievances in the past and had a number of encounters with correctional counselors during which he could have attempted to resolve his complaints. Plaintiff should have resolved his complaints with his counselors because the PLRA requires inmates to first attempt to resolve their complaints with their counselors before filing grievances, which Plaintiff did not do when he met with his counselors. Exhibit 3-A, Doc. 44-2; Exhibit 2, Doc. 44-2; 20 Ill. Admin. Code 504.810 (a). Therefore, the evidence establishes that Plaintiff was familiar with the grievance process, that he was not deprived of complaining about other issues, that he did in fact complain of other issues, but that he did not complain about this particular one.

      Defendants have provided additional evidence showing that Plaintiff failed to exhaust his administrative remedies because he submitted his grievance directly to the ARB past the 60-day

6

deadline set out by the PLRA. Exhibit 4, Doc. 44-2. The PLRA states that the Grievance Officer shall consider the grievance and report his or her findings and recommendations to the Chief Administrative Officer ("CAO") in writing within two months after receipt of the written grievance. 20 Ill. Admin. Code 504.830(e). The CAO shall then review the grievance and report his or her findings to the inmate. *Id*. If the inmate believes the grievance has not been resolved by the CAO, the inmate may appeal in writing to the Director of the ARB within 30 days after the date of the CAO's decision. 20 Ill. Admin. Code 504.850(a). Plaintiff had until July 22, 2015, almost 60 days after his transfer to Menard Correctional Center, to timely submit grievances directly to the ARB about the alleged threats or cell conditions and failed to do so until August 8, 2015, over two weeks after the 60-day deadline passed. Exhibit 4, Doc. 44-2. The ARB accordingly returned this grievance to Plaintiff because it was untimely. Aff. of Sarah Johnston, Exhibit 3, Doc. 44-2.

      The Court finds that Plaintiff did not exhaust his administrative remedies and now analyzes whether he had good cause for not doing so. Plaintiff claims that he could not timely exhaust his administrative remedies because the staff at Pontiac and Menard Correctional Center threatened to intercept and destroy his grievances. According to the PLRA, an inmate is only required to exhaust those administrative remedies available to him. 42 U.S.C. § 1997e (a). A prisoner's remedies are unavailable if he follows the steps of the grievance process and can do nothing more. *Pyles*, 829 F.3d at 865 (7th Cir. 2016). If a prisoner fails to follow all of the necessary grievance procedures, the claim will not be exhausted, and will be barred, even if there are no remaining administrative remedies available. *Pozo*, 286 F.3d at 1025 (7th Cir. 2002). A grievance filed after the expiration of 60 days shall be considered if it was not timely filed for "good cause." *Pyles*, 829 F.3d at 865. Good cause is occasioned by something that is not within

the fault or control of the movant. *Id*. at 866. In *Pyles v. Nwaobasi*, the plaintiff established that he failed to timely file his grievance for good cause because he submitted his grievance to the library to be copied for his records, but the library printer was broken, preventing him from retrieving his grievance in time to submit it before the deadline. *Pyles*, 829 F.3d at 865. In *Daniels v. Prentice*, however, the plaintiff did not offer sufficient evidence to support his conclusion that the prison refused to copy his grievances without a response from a counselor or grievance officer. *Daniels v. Prentice*, 16-CV-1245 (C.D. Ill. 2017). The defendants in *Daniels* additionally offered stronger evidence that countered the plaintiff's argument, proving that the plaintiff's administrative remedies were made available to him. *Id*.

This case resembles *Daniels*, because, unlike *Pyles*, Plaintiff has not provided any evidence to lead this Court to believe that the staff at Pontiac Correctional Center or Menard Correctional Center threatened to intercept and destroy his grievances, and speculation of prospective interception is not sufficient evidence. *See Hoskins v. Attig*, 15-CV-1202 (C.D. Ill. 2017) ("Plaintiff's claim that the grievances were intercepted and destroyed is not sufficient since he has produced no evidence to support this claim. Plaintiff's claim of destruction is mere speculation about what might have happened and is not evidence."). If Defendants threatened to intercept and destroy Plaintiff's grievances, Plaintiff has not provided evidence showing that he did anything to follow up on his allegedly threatened grievances, other than the submission of a letter to the ARB, which was in violation of the PLRA because it was untimely and failed to identify all Defendants. 20 Ill. Admin. Code 504.810(a). However, Defendants have shown in Plaintiff's cumulative counseling summary that over the three-month period of time, from March 20th to May 19th, 2015, during which time Plaintiff alleges to have lived in unsanitary cell

conditions, Plaintiff spoke to four different counselors and never complained to them about his cell conditions or grievance issues. Exhibit 2, Doc. 44-2.

In short, Plaintiff has not provided any evidence of unavailable remedies and does not allege with any specificity which guards at Pontiac prevented him from exhausting his administrative remedies. Instead, Plaintiff only identifies two of the six counselors he met with at the Menard Correctional Center, both of whom are not members to this case, and leaves out all four of the counselors he met with at the Pontiac Correctional Center. Moreover, Plaintiff generalizes his claims against Defendants, rather than identifying the acts or omissions specifically done by each Defendant that is a party to his Complaint. Plaintiff's IGRV log and counseling summary show that he was familiar with the grievance process and had the opportunity to resolve his complaints with his correctional counselors, but did not do so. Thus, Plaintiff did not exhaust the administrative remedies that were made available to him and did not have good cause for not doing so.

This Court has protected plaintiffs in the past who have said that they put their grievances in the mail and never got a response; however, in this case, Plaintiff did not articulate that. Plaintiff did not exhaust his administrative remedies because he failed to identify the acts or omissions specific to any of the defendants who are parties to his Complaint. Additionally, Plaintiff claims to have prepared grievances that Defendants threatened to seize and destroy, but gives this Court no basis to believe he attempted to mail his grievances or that his grievances were threatened. While it is becoming increasingly difficult for inmates to prove that they submitted a grievance, Plaintiff has offered this Court nothing to suggest that he even attempted to submit a grievance in compliance with the administrative requirements, especially in light of the number of grievances he successfully filed in the period of time he alleges he was threatened.

9

*Cf. Daniels v. Hubert*, 15-cv-1085 (C.D. Ill.)(Nov. 23, 2015 Order) ("It is becoming increasingly clear that, to prevail on exhaustion, the State is going to have to establish more than 'It was put in the mail' or 'We never got it.'"). Therefore, this Court finds that Plaintiff has failed to exhaust his administrative remedies and Defendants' Motion for Summary Judgment is GRANTED.

Two Defendants remain. Defendant Miller answered but did not join in the instant Motion. In his answer, Miller raised the affirmative defense of failure to exhaust. Because the above analysis applies equally to him, Defendant Miller is also dismissed. Defendant Fisher has never been served. However, the same analysis would apply equally to him, and as such, the court vacates the prior order asking the U.S. Marshals to serve him and dismisses Defendant Fisher as well.

## CONCLUSION

For the reasons stated above, Defendants', Richard Allan, Duane Beal, James Berry, Paul Blackwell, Corey Eutsey, Glendal French, Scott Holte, William Lee, Rodney Leroy, Jacob Liles, Randy Lovrant, Patrick McGinnis, Brian Posey, Susan Prentice, Todd Punke, Donald Raineri, Clint Ramsey, Brian Schmeltz, Zack Smith, Travis Sullivan, Paul Thorson, and Ed Vilt's (collectively "Defendants") Motion [49] for Summary Judgment is GRANTED.

This matter is now terminated.

Signed on this 27th day of July, 2017.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge